PER CURIAM:
*152 Claimant brought this action for vehicle damage which occurred when her 2002 Mercury Cougar struck a hole in the road as her daughter, Lisa Affolter, was driving on Route 25 in Institute, Kanawha County. Route 25 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:00 a.m. on February 6, 2008. Route 25 is a two-lane, paved road with white edge lines. Lisa Affolter was driving at approximately forty-miles per hour, the posted speed limit, when her vehicle struck a hole in the road near the Praxair Plant. It was raining, and she was unable to see the hole before the vehicle struck it. The hole was approximately three and a half feet long and one and a half feet wide. Lisa Affolter stated that she could not determine how deep the hole was because it was filled with water. Although she normally takes Route 25 to drive to work, the area where this incident occurred is beyond the location where she usually turns on Goff Mountain Road. Lisa Affolter testified that she travels on this road approximately once every three or four months and had not seen the hole on a prior occasion. As a result of this incident, claimant’s vehicle sustained damage to its tire in the amount of $15.90 and rim in the amount of $159.00. Thus, the total amount of damages sustained is $174.90.
The position of respondent is that it did not have actual or constructive notice of the condition on Route 25. Charles Earl Smith, Highway Administrator for respondent in Kanawha County, testified that he was informed that there was a hole on this particular area on Route 25 before noon on February 6, 2008. Mr. Smith stated that he did not recall seeing the hole on the day before this incident. Although Mr. Smith stated that it would be unusual for a hole of this size to form over a twenty-four
hour period, he testified that it does happen. The DOH12, a record of respondent’s work activities, indicates that the hole was patched with cold mix on the day of the incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent. Although Ms. Affolter was driving at approximately forty-miles per hour, she could have further reduced her speed based on the road conditions on this particular day. The Court finds that she was ten percent (10%) negligent in her operation of the vehicle. Thus, claimant’s recovery is limited to ninety-percent (90%) of her loss, or $157.41.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $157.41.
Award of $157.41.